## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMI LYNN WYLLIE : | CIVIL ACTION |
| ADMINSITRATOR OF THE ESTATE OF : | NO.: |
| KENNETH ERVIN LEISTER : | |
| 3124 MAIN STREET, PO BOX 63 : | TRIAL BY JURY DEMANDED |
| SPRING TOWN, PA 18081 : | |

Plaintiff,

v.

BUCKS COUNTY
55 EAST COURT STREET
DOYLESTOWN, PA 18901,

PRIMECARE MEDICAL, INC.
3940 LOCUST LANE
HARRISBURG, PA 17109,

JOHN DOE MEDICAL PROVIDERS
3940 LOCUST LANE
HARRISBURG, PA 17109,

&

JOHN DOE CORRECTIONS OFFICER
55 EAST COURT STREET
DOYLESTOWN, PA 18901,

Defendants.

## COMPLAINT

Plaintiff, Tami Lynn Wyllie, by and through her attorney Brian Zeiger, Esq., hereby alleges the following:

1

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

## PARTIES

1.      Plaintiff is the administrator of an estate. Her primary residence is 3124 Main Street, PO Box 63, Spring Town, PA 18081.

2.      Defendant Bucks County is a municipality that owns, operates, controls and promulgates policies governing the Bucks County Prison System, with a principle business address of 55 East Court Street, Doylestown, PA 18901.

3.      Defendant Bucks County owns and operates a correctional facility located at 1730 S. Easton Rd, Doylestown, PA 18901.

4.      Defendant PrimeCare Medical, Inc. (hereinafter "PrimeCare") contractually provides medical treatment for inmates at the Bucks County Prison, with a primary business address of 3940 Locust Lane, Harrisburg, PA 17109.

5.      Defendants John Does Medical Providers, are sued both in their individual and official capacities and are employees of Defendant PrimeCare Medical.

6.      Defendants John Does Corrections Officers, are sued both in their individual and official capacities and are employees of Defendant Bucks County.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. § 1983.

8.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 as all actions giving rise to this Complaint occurred in this district.

## FACTUAL BACKGROUND

1.      On or about August 11, 2019, the decedent was an inmate at Bucks County Correctional

2

Facility (hereinafter "BCCF").

2.      On August 11, 2019, the decedent died from cardiac arrest.

3.      Early in the morning on August 11, 2019, the decedent was observed by Bucks County Corrections Officers have what the Corrections Officers later described as having a seizure with agonal respirations (gasping for breath).

4.      The Corrections Officers notified staff at BCCF, 911 was called and paramedics responded to the facility.

5.      Upon arrival to BCCF, the paramedics performed lifesaving efforts on the decedent.

6.      The decedent was transported to Doylestown Hospital.

7.      The medical personal were unable to resuscitate the decedent.

8.      The Defendants were well aware of the decedent's medical condition.

9.      The Defendants knew the decedent was hypertensive, had valve disorder, a previous aortic valve replacement, a heart murmur, hepatitis C, and that he had complained of chest pains the day before his demise.

10.     More specifically, when decedent complained of chest pains the day before he died, the Defendants ignored Plaintiff's complaints.

11.     When the decedent complained of chest pains, at or about the decedent's age, with a prior of hypertensive disease and an artificial heart valve, the Defendants should have immediately ordered an EKG and a cardiac exam.

12.     Upon information and belief, defendants' custom and practice is to provide the minimum amount of medical care and treatment to inmates at the BCCF.

13.     Upon information and belief, defendants have a custom or policy to fail to properly

3

review complaints, grievances, and medical complaints to ensure inmate get proper medical care and treatment.

14.     Upon information and belief, the failure to properly review complaints, grievances, and medical complaints, show the Defendants are deliberately indifferent, condone and ratify behavior, or adopt an unofficial policy, of not providing proper medical care to inmates at the BCCF.

15.     In the alternative, if paperwork and records are not being created in regards to complaints, grievances and medical complaints, there exists a custom or policy of not properly documenting complaints, grievances and medical complaints, again showing a custom or policy of not providing proper medical care to inmates at the BCCF.

**COUNT I:**
**EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983**
**DENIAL OF MEDICAL CARE**
**PLAINTIFF V. ALL DEFENDANTS**

16.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

17.     The decedent had various medical conditions known to the Defendants including that he was hypertensive, had valve disorder, a previous aortic valve replacement, a heart murmur, hepatitis C, and that he had complained of chest pains the day before.

18.     At the time of her detention, employees (John Does) of both Defendant Bucks County and Defendant PrimeCare Medical knew or should have been aware of the decedent's medical conditions.

19.     The decedent repeatedly informed corrections officers and health care providers of his

4

conditions and that he needed treatment.

20.     The decedent notified the Defendants the day before his demise that he was having chest pains.

21.     The Defendants failed to provide the decedent with adequate care as evidenced by the factual allegations *supra*.

22.     As a direct and proximate cause of Defendants' actions, or lack of actions, the decedent died.

WHEREFORE, Plaintiff claims of the individually named Defendants, jointly and severally, a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest and allowable costs of suit and brings this action to recover same.

### COUNT II:
### MONELL CLAIM UNDER 42 U.S.C. § 1983
### PLAINTIFF V. DEFENDANTS BUCKS COUNTY & PRIMECARE

23.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

24.     Defendants Bucks County and PrimeCare established, knew of, and acquiesced to policies, procedures, and customs that Defendants Bucks County and PrimeCare knew or should have known would lead to violations of citizens' constitutional rights.

25.     Defendants Bucks County and PrimeCare acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

26.     Defendants Bucks County and PrimeCare knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to

LEVIN & ZEIGER LLP
1500 JFK BLVD. SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

27.     By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendants Bucks County and PrimeCare condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

28.     The conduct of Defendants Bucks County and PrimeCare and/or the conduct of defendants' employees or agents, and/or policy maker for the Bucks County Prison Systems were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred and Fifty Thousand ($150,000) Dollars, together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT III:
## PENNSYLVANIA WRONGFUL DEATH

29.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

30.     Plaintiff, individually and as Administrator of the Estate of Kenneth Leister, deceased brings the action on behalf of the beneficiaries under and by virtue of the Wrongful death Act, 42

6

Pa.C.S.A. § 830 I, and the applicable Rules of Civil Procedure.

31.     Mr. Leister left surviving him, various children, who are beneficiaries under the Wrongful Death Act.

32.     As a result of the conduct of Defendant, as set forth herein, Mr. Leister, deceased, was caused grave injuries and death resulting in the entitlement to damages by the beneficiaries under the Wrongful Death Act.

33.     Plaintiff, individually and as Administrator of the Estate of Mr. Leister, deceased, claims all expenses recoverable under the Wrongful Death Act, including but not limited to damages for medical, funeral, and burial expenses and expenses of administration necessitated by reason of the injuries causing Mr. Leister death.

34.     On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for services provided of which could have been expected to have been performed in the future.

35.     On behalf of the Wrongful Death Act Beneficiaries, the Administrator claims damages for all pecuniary loss suffered by the beneficiaries.

36.     On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for all loss of comfort, society, guidance, and tutelage that the beneficiaries may have received from the decedent by the beneficiaries as a result of decedent's untimely death.

37.     On behalf of the Wrongful Death beneficiaries, the Administrator claims damages for the full measure of damages, including punitive damages, allowed under the Wrongful Death Act of Pennsylvania and the decisional law interpreting said Act.

WHEREFORE, Plaintiff requests the following in a sum greater than fifty thousand dollars ($150,000) plus costs and delay damages, and all other appropriate relief, to wit:

LEVIN & ZEIGER LLP
1500 JFK BLVD. SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

a.     Compensatory damages as to all defendants;

b.     Punitive damages as to all defendants;

c.     Compensable litigation costs; and

d.     Such other and further relief as appears reasonable and just

## COUNT IV:
## PENNSYLVANIA SURVIVAL ACTION

38.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

39.     Plaintiff, individually and as Administrator of the Estate of Kenneth Leister, deceased,

brings this Survival Action on behalf of the Estate of Kenneth Leister, deceased, brings this

Survival Action on behalf of the Estate of Kenneth Leister under and by virtue of 42 Pa.C.S.

§8302, and the applicable Rules of Civil Procedure and the decisional law interpreting the Act.

40.     As a result of the tortious conduct of all Defendants set forth herein, Kenneth Leister, was

caused grave injuries and death, resulting in the entitlement to damages by his Estate under the

Survival Act.

41.     As a result of the death of Kenneth Leister, his Estate has been deprived of the economic

value of her life expectancy, and Plaintiff claims under the Survival Act., damages for all

pecuniary losses suffered by the Estate as a result of the decedent's death, including all loss of

income, earnings, retirement income, benefits and Social Security income.

42.     The Administrator further claims, under the Survival Act, the total amount that the

decedent would have earned in the future, minus the costs of personal maintenance.

43.     The Administrator further claims, under the Survival Act, damages for the conscious pain

8

and suffering endured by decedent prior to death, including physical pain and suffering, and mental pain and suffering leading to decedent's death.

44.     The Administrator further claims, under the Survival Act all damages, including punitive damages, recoverable pursuant to 42 Pa.C.S. § 8302, and the decisional law interpreting said Act.

WHEREFORE, Plaintiff requests the following in a sum greater than fifty thousand dollars ($50,000) plus costs and delay damages, and all other appropriate relief, to wit:

a.     Compensatory damages as to all defendants;

b.     Punitive damages as to all defendants;

c.     Compensable litigation costs; and

d.     Such other and further relief as appears reasonable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,


August 28, 2020                          __/s/ Brian Zeiger_____
DATE                                    BRIAN ZEIGER
                                        IDENTIFICATION NO.: 87063
                                        LEVIN & ZEIGER, LLP
                                        TWO PENN CENTER
                                        1500 JFK BLVD STE 620
                                        PHILADELPHIA, PA 19102
                                        215.546.0340
                                        zeiger@levinzeiger.com


9